WILLIAM LOCKWOOD *et al.*, Respondents, *against* WILLIAM J. NICHOLS *et al.*, Appellants.

(Decided February 8th, 1887.)

Defendants, directors of a company heavily involved, entered into an agreement with plaintiffs, whereby the latter agreed to pay the indebtedness of the company, and defendants transferred to them the majority of stock and right to manage the company, agreeing that the indebtedness "shall and will not exceed" a certain sum, and that if it should exceed such sum, defendants would pay the excess and save plaintiffs harmless therefrom. *Held*, that plaintiffs' agreement was to discharge the indebtedness of the company, whatever the amount should be, and that they could recover from defendants the excess of such indebtedness over the sum named, regardless of the ability of the company to pay such indebtedness or whether plaintiffs had in fact at that time paid such excess.

APPEAL from a judgment of this court entered upon the report of a referee.

The defendants, on and prior to September 22d, 1880, were directors and officers of the Manhattan Chemical Company, and in order to induce the plaintiffs to come in and take the charge and management of the company, and to contribute moneys to relieve its embarrassments, they transferred 800 shares of its capital stock, held by them, to plaintiffs, and entered into a written agreement with plaintiffs that the indebtedness of the company at the date of the agreement (September 22d, 1880) " shall and will not exceed " $55,800, and that if it exceeded said sum, they, the defendants, would pay the excess and save the plaintiffs harmless therefrom.    The plaintiffs, on their part, agreed to take entire charge of the company, and carry on its business in as economical manner as practicable, and to endeavor, to the best of their ability, to make said company a success and its capital stock valuable ; and to advance and loan to the company from time to time, as necessity required, sufficient moneys to liquidate and discharge the indebtedness mentioned, and pay current expenses, and not to call in or demand the return of said loan, or any part thereof, until all of said indebtedness was paid.

This action was brought in February, 1881, alleging that the indebtedness of the company exceeded the sum of $55,800, agreed upon, and was in fact $75,843.61, and demanded judgment for the excess, with other demands arising out of the said contract not necessary to mention here. The answers of defendants denied that it was the intention of the parties by their agreement to pay to plaintiffs any excess over the stipulated amount of indebtedness ; denied that the indebtedness exceeded the agreed sum ; and counter-claimed damages for alleged breach, by plaintiffs, of their agreement in not carrying on the business of the company in as economical a manner as practicable, in not loaning or advancing moneys as required by the agreement, and in having wasted and destroyed the property of the company.

Defendant Nichols retained no stock of the company

after the agreement, and Barrows had but a small amount, seventeen shares.

The referee gave judgment for plaintiffs for the amount of the excess of indebtedness over the agreed sum of $55,800, and found that plaintiffs had not committed any breach of the agreement on their part.

The defendant Nichols appeals on the ground that the agreement did not require defendants to make payment to plaintiffs; that their contract was a contract of indemnity only; that plaintiffs had not paid the excess of indebtedness, and had sustained no damage. The defendant Barrows appeals on substantially the same grounds, and also upon the ground that a breach of plaintiffs' covenants was proved, which precludes a recovery by them in any event.

*John E. Parsons* and *Geo. Wilcox*, for appellants.

*A. J. Vanderpoel, W. H. Arnoux*, and *Wm. F. MacRae*, for respondents.

J. F. DALY, J.—[After stating the facts as above.]—There was a sale by defendants to plaintiffs of the 800 shares of stock transferred to the latter, and the covenant entered into by defendants that the indebtedness of the company did not and should not exceed $55,800, was, in effect, a covenant as to encumbrances on the property so sold, and the covenant being broken, the recovery upon it should be for the excess of encumbrance over the agreed amount. The agreement of defendants to pay the excess and save the plaintiffs harmless therefrom, must be construed as an agreement to pay the plaintiffs, because, if there were no such promise in addition to the covenant, a promise to pay the plaintiffs would be inferred from the covenant itself; otherwise there could be no enforcement of the obligation by the parties with whom and for whose benefit it was made.

The objections that the contract is one of indemnity, and that the plaintiffs must show that they have paid the excess of indebtedness, and that the company is unable to respond

to them, are not well founded. It was not contemplated by the parties to the agreement that the company should pay, or be liable to pay, the excess of indebtedness. The object of the agreement was to relieve the treasury of the company from the burden. The covenantors cannot therefore ask that the covenantees be remitted to a remedy against the company, nor contend that if the company be found able to pay, there is no liability upon the covenant. Their agreement was to discharge the debt of the company.

As the plaintiffs have the right to enforce the covenant, and their recovery does not depend upon the ability of the company to pay any part of the amount of the excess of indebtedness, there can be no question as to the measure of damages; plaintiffs are entitled to recover the whole excess which defendants agreed to pay.

The question that is presented is not a new one, for we find in adjudged cases, as well as in elementary works, precedents for the disposition that we shall make of this case. Without a review of the authorities, we shall content ourselves with citing from Sutherland on Damages (vol. 2 pp. 610 *et seq.*) a statement of the rule that we think applicable to the facts before us: " Contracts are often made, the general purpose of which is indemnity, but which are not merely to save harmless, or to indemnify against damages, but provide against the cause of damage: they are contracts for the prevention of damage. Of this nature are contracts against the existence of debts or liabilities. Where the contract is for more than indemnity against damages; where a party stipulates against the existence of certain conditions, or for payment or performance of any kind, then damages are not the gist of the action, but the measure of the damages recoverable for the breach is the value of the performance of the contract. For example, a contract to pay a debt, no time being specified, is a promise to pay it when due, or in a reasonable time if already due. The promisee, for breach of such a contract, is entitled to recover the amount of the debt and interest, though he has not paid it, or any part of it, if it is a debt the discharge of

Lockwood v. Nichols.

which would be beneficial to him (*Gilbert* v. *Wyman*, 1 N. Y. 550)." See also, as directly in point, *Belloni* v. *Freeborn* (63 N. Y. 383–390); and *Kohler* v. *Mutlage* (72 N. Y. 259–266). The author quoted adds: " Courts of law are not adapted, like courts of equity, to do complete justice to all parties interested in such cases; that is, to protect the defaulting party by requiring the money so recovered to be applied to the debt, though the payment may be important to him. That, however, has been done in some cases."

The defendant Barrows contends that the evidence shows a breach of plaintiffs' agreement to advance moneys, carry on the business in as economical manner as possible, etc., and that plaintiffs' right to recover upon the defendants' covenant is thereby barred. The finding of the referee, that the plaintiffs fully kept and performed the agreement on their part, is supported by the evidence, and we cannot say that we disagree with his conclusions. The evidence as to alleged improvident management may produce different opinions in different minds, but we are influenced in reaching the conclusion that the plaintiffs acted according to their best judgment and always in good faith, by the consideration that the very large share which plaintiffs acquired in the company and the large outlays they made and liabilities they assumed under their agreement, make it most improbable that they would act counter to the best interest of the company. We are warranted in assuming that their own interests could be subserved only by endeavoring to make the company successful.

None of the exceptions taken call for the reversal of the judgment.

The judgment should be affirmed, with costs.

LARREMORE, Ch. J., and VAN HOESEN, J., concurred.

Judgment affirmed, with costs.